866 So.2d 757 (2004)
STATE of Florida, Appellant,
v.
C.E., a child, Appellee.
No. 4D02-1894.
District Court of Appeal of Florida, Fourth District.
February 18, 2004.
Charles J. Crist, Jr., Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellee.
PER CURIAM.
In this case, the trial court dismissed the petition for delinquency filed against C.E. on speedy trial grounds. We reverse and find that the trial court erred in not affording the State the recapture period under Florida Rule of Juvenile Procedure 8.090(m)(3).
C.E. was arrested on January 15, 2002, and was subsequently charged by petition for delinquency on March 27, 2002, with delivery of cocaine and resisting arrest without violence. On April 24, 2002, C.E. filed a motion to discharge/dismiss the petition for delinquency on the basis that the ninety-day speedy trial period had expired on April 15, 2002, and he had been arraigned two days later, on April 17, 2002. On April 30, 2002, the trial court granted the motion to dismiss the delinquency petition. We reverse.
In C.D. v. State, 865 So.2d 605, 610 (Fla. 4th DCA 2004)(en banc), this court held that:
We adhere to the bright line that [Florida Rule of Juvenile Procedure 8.090] already provides. When a juvenile is taken into custody, the State is given ninety days to bring the case to *758 trial. When that does not occur, the juvenile may file a motion for discharge. The court must then set a hearing within five days to review the factors in subsection (d). If none of them apply, the State is given a ten-day window period within which to try the case. If the State fails to bring the case to trial within those ten days, the juvenile is discharged. If one of the factors in subsection (d) is found to exist, then the State is given ninety days within which to try the case.
C.E. was arraigned only two days after the running of the speedy trial period, and the petition was filed prior to the expiration of the ninety-day speedy trial period. The State is therefore entitled to the recapture window set forth in rule 8.090(m)(3). We reverse and remand so that the trial judge may review the factors in subsection (d) of rule 8.090 and proceed accordingly.
REVERSED and REMANDED.
STEVENSON, GROSS and MAY, JJ., concur.